FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SONYA C.,

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

No. 2:18-cv-00191-SAB

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 and 13. The motions were heard without oral argument. For the reasons set forth below, the Court grants Plaintiff's motion for summary judgment, denies Defendant's motion for summary judgment, and remands for a new hearing.

## JURISDICTION

On March 9, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, along with a Title XVI application for supplemental security income. These claims were denied, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). On March 10, 2017, a hearing was held before an ALJ, who issued an unfavorable decision on April 14, 2017. The Appeals Council denied Plaintiff's request for review on April 25, 2018. Plaintiff timely appealed to this Court. This matter is properly before the Court under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ჯ 1**

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person meets the definition of disabled under the Social Security Act. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

At step one, the ALJ must determine whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. § 404.1572. If the individual is engaged in substantial gainful activity, he or she is not disabled. 20 C.F.R. § 404.1571. If not, the ALJ proceeds to step two.

At step two, the ALJ must determine whether the claimant has a severe medically determinable impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe medically determinable impairment or combination of impairments, he or she is not disabled. If the ALJ finds the claimant does have a severe impairment or combination of impairments, the ALJ proceeds to step three.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ‍ 2

At step three, the ALJ must determine whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525; 20 C.F.R. § 404. Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. If not, the ALJ proceeds to the fourth step.

Before considering step four, the ALJ must determine the claimant's "residual functional capacity." 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his or her ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 404.1545(a)(1). In making this finding, the ALJ must consider all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3).

At step four, the ALJ must determine whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant can still perform past relevant work, he or she is not disabled. If the ALJ finds the claimant cannot perform past relevant work, the analysis proceeds to the fifth step.

At step five, the burden shifts to the Commissioner to prove the claimant is able to perform other work in the national economy, taking into account claimant's age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(g). To meet this burden, the Commissioner must establish (1) the claimant is capable of performing other work; and (2) such work exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

//

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ૩ 3

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

Plaintiff alleges a disability onset date of November 20, 2014, due to a combination of back and neck problems and mental health disorders. Plaintiff's struggles include social anxiety induced anxiety, which make public interactions and basic functions like riding a bus or procuring groceries difficult without accompaniment, depression, decreased cognitive functioning, and abrupt outbursts of anger.

## THE ALJ'S FINDINGS

**At step one**, the ALJ found Plaintiff met the insured status requirements, and had not engaged in substantial gainful activity since November 20, 2014, the amended alleged onset date. AR 28.

**At step two**, the ALJ found Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease; obesity; bipolar disorder; major depressive disorder; borderline intellectual functioning; personality disorder NOS; and cannabis use disorder. AR 28.

**At step three**, the ALJ found Plaintiff's impairments did not meet or medically equal any of the listed impairments in the Listings. AR 29.

Before reaching step four, the ALJ found Plaintiff had the residual functional capacity:

To perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except [Plaintiff] can occasionally climb, kneel, crouch, and crawl. [Plaintiff] can never climb ladders, ropes, or scaffolds; [Plaintiff] can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stair; [Plaintiff] is limited to simple, routine, and repetitive tasks with a reasoning level of two or less; [Plaintiff] needs a routine, predictable work environment with no more than occasional changes; [Plaintiff] cannot interact with the general public; [Plaintiff] can have only occasional, brief,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ꝫ 4

and superficial interaction with coworkers and supervisors; [Plaintiff] cannot work at an assembly like pace; and [Plaintiff] is precluded from workplaces where there is access to alcohol or illicit drugs.

AR 31-32.

**At step four**, the ALJ found Plaintiff was unable to perform any past relevant work. AR 44.

**At step five**, the ALJ asked the impartial vocational expert whether jobs existed in the national economy for an individual with the Plaintiff's age, education, work experience, and residual functional capacity. The vocational expert testified that, given all these factors, the individual would be able to perform the requirement of representative occupations, such as garment sorter; cleaner housekeeper; and mail clerk, which the vocational expert testified exist in significant numbers in the national economy. AR 45. As a result, the ALJ found Plaintiff was not under a disability, as defined in the Social Security Act. *Id.*

## STANDARD OF REVIEW

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla,' *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r of Soc. Sec. Admin.*,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ‮ݞ‬ 5

359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

A district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The burden of showing an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## ISSUES FOR REVIEW

(1) Whether the ALJ erred in rejecting Plaintiff's symptom testimony?

(2) Whether the ALJ erred in weighing medical opinion evidence?

## DISCUSSION

### (1) Plaintiff's Subjective Symptom Claims

Plaintiff argues the ALJ improperly rejected her testimony regarding the severity of her symptoms. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.' " *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). In this analysis, the claimant is not required to show "that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ‒ 6

degree of that symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Nor must a claimant produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.*

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons to do so." *Id.* at 1281.

On the other hand, if affirmative evidence does show malingering, the ALJ is no longer required to provide clear and convincing reasons for discounting a claimant's testimony. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). While the ALJ need not make a specific finding of malingering, there must be "affirmative evidence suggesting … malingering." *Id.* at n.1. Malingering is defined as "the intentional production of false or grossly exaggerated physical or psychological symptoms, motivated by external incentives such as avoiding military duty, avoiding work, obtaining financial compensation, evading criminal prosecution, or obtaining drugs." *Mobbs v. Berryhill*, No. 3:17-cv-05374-TLF, 2017 WL 6759321, at *11 n.5 (W.D. Wash. Dec. 29, 2017) (quoting the *American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders* (Text Revision 4th ed. 2000) at 739).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 21. However, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms not entirely credible. AR 33. Plaintiff argues that the ALJ erred by not providing substantial supporting evidence linked to specific portions of symptom testimony which were found to be not credible, under *Smolen*, 80. F.3d 1273.

The ALJ's discussion of Plaintiff's symptom testimony credibility began by listing the impairment alleged by Plaintiff at the hearing, separated into physical

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ℨ 7

and mental impairments. AR 33. The physical impairments listed were (1) shoulder pain, which increases with prolonged standing; (2) numbness in her hand when using a mouse; and (3) lower back pain and difficulty with sitting and squatting. The mental symptoms were (1) anger; (2) depression; (3) difficulty concentrating; (4) daily panic attacks; (5) encopresis; and (6) auditory and visual hallucinations. *Id.*

The ALJ gave Plaintiff's testimony low credibility by finding that such symptom claims were (a) inconsistent with the medical and vocational evidence in the record, and (b) inconsistent with the Plaintiff's daily activities. *Id.*

(a) *Inconsistencies with the record*

The decision proceeds to summarize the medical history, without linking specific medical evidence to specific alleged symptoms. In this summary, specific evidence was cited which could be construed as inconsistent with some of the alleged physical symptoms. *See Megallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). Treatment notes indicated normal shoulder strength and sensation, although with reduced range of motion, which presumably the ALJ found to be inconsistent with the claims of shoulder pain. AR 34. Likewise, there were treatment notes regarding grip strength and the absence of paresthesia, which although relating to Plaintiff's hands, are not inconsistent with the alleged impairments of peripheral neuropathy when using a mouse. *Id.*

Similarly, the mental health impairments were contrasted with treatment notes that did not present true conflicts. Treatment notes indicating that Plaintiff's had a positive demeanor while receiving care are not inconsistent with Plaintiff's alleged depression and anger. While the ALJ did cite to treatment notes indicating that Plaintiff was not suffering from hallucinations, elsewhere within the ALJ's summary of the medical record were reports of reductions of hallucinations, with reports of weeks without hallucinations linked to "fantastic" improvement, and a report of "not seeing shadows or people on her couch as much" and not being as

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT Зѵ 8**

bothered by auditory hallucinations characterized as "doing good." AR 40. In the mental health context, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d 995, 1017 (9th Cir. 2014), citing *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir.2001).

As in *Garrison*, many of Plaintiff's symptoms (anger, depression, panic attacks, reduced cognition) were present throughout the longitudinal treatment history, to varying degrees of severity, while others (social-anxiety induced incontinence, hallucinations) were more irregular, though chronic.

These near-inconsistencies are not the reason the ALJ found the symptom testimony not-credible. Instead, the ALJ found that the treatment notes, as a whole, "suggest that [Plaintiff]" is quite functional, and by implication, that the alleged symptoms and severity would preclude such a finding. AR 33. The ALJ jumped ahead, making a conclusion concerning Plaintiff's functionality based on a review of the treatment records, and then using this conclusion to discredit Plaintiff's testimony suggesting a lack of residual functional capacity. Such circular reasoning presumes the conclusion, a functional capacity, and uses that conclusion to discredit inconsistent symptom testimony. It is not an adequate reason for rejecting Plaintiff's testimony.

(b)*Activities of daily living*

The third reason the ALJ gave to discredit Plaintiff's testimony was inconsistencies between her stated impairments and her daily activities. The Ninth Circuit has warned that ALJs must be cautious in concluding that daily activities are actually inconsistent with symptom testimony, because "impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016. Recognizing that claimants should not be penalized for attempting to lead their normal lives, "only if Plaintiff's level of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ₹ 9

activity is inconsistent with h[er] claimed limitations would these activities have any bearing on h[er] credibility." *Id.*

The ALJ cited the following statements from the record as being inconsistent with Plaintiff's symptom testimony: a reference to a car trip to Texas, as being inconsistent with the symptom needing to intermittently stand up with prolonged sitting; a four-day period in which 19 family members stayed in the house she was sharing due to a power outage, as inconsistent with her mental health impairments; and her ability to babysit her grandchildren, cook, clean, and attend appointments with her brother as being inconsistent with her psychiatric symptoms. AR 43.

The first two events were not daily activities, transferrable to a work environment (*Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014), but isolated incidents which are not in conflict with any of the Plaintiff's symptom testimony. There is no indication that the car trip did not include regular stops to allow Plaintiff to stand, and the brief recounting of the four-days of power outage indicated that it led to the interpersonal strife that Plaintiff testified to having. AR 561.

The other activities are also not inconsistent with any specific testimony. Her testimony about her daily activities with family members is entirely consistent with her alleged limitations, which primarily reflect an inability to function with strangers, and reflects someone earnestly attempting to overcome her limitations and lead her normal life.

Accordingly, the supposed inconsistencies between Plaintiff's daily activities and her testimony do not satisfy the requirement of a clear, convincing, and specific reason to discredit her testimony. Because neither of the ALJ's other proffered rationales satisfy that requirement, the ALJ erred in discrediting Plaintiff's symptom testimony.

**(2) Medical Opinion Evidence**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion evidence. "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). In the absence of a contrary opinion, a treating physician's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is contradicted, it may be discounted only for " 'specific and legitimate reasons' supported by substantial evidence in the record." *Id.* at 830 (quoting *Murray v. Heckler*, 722 F.2s 499, 502 (9th Cir. 1983). The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

In this case, Plaintiff argues the ALJ improperly rejected the opinions of examining physician Deborah Brown, Ph.D., which were based on a June 29, 2015 examination, and Dr. Brown's review of the record. Dr. Brown performed multiple cognitive tests, including a Rey Test for malingering which indicated that Plaintiff was not feigning memory loss; Trail Marking A (normal) and B (severely impaired); a Wechsler IQ test, and Wechsler memory test. AR 507-508.

The ALJ gave Dr. Brown's opinion low weight because (a) it was inconsistent with other medical evidence; (b) due to the short treatment history; (c) it was presented in a check-box format; and (e) because parts of the opinion were outside of Dr. Brown's area of expertise. The ALJ also gave the opinion low weight because it was based largely on the subjective reporting of the Plaintiff, but the Commissioner agrees that this was error under *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

The Court's inquiry starts and ends with the question of contraindication. A treating physician's opinion is given controlling weight if it is well-supported by

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 3 11**

medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). While duration of treatment relationship, expertise, and format of the report are all potentially valid basis for weighing contraindicated testimony from an accepted medical source, *see* 20 C.F.R. § 404.1527(c)(2)(i-ii); Dr. Brown's opinions were not inconsistent with the cited substantial evidence.

> (a) *Inconsistencies with other medical evidence*

The Court finds the ALJ's first reason for discrediting Dr. Brown's report, inconsistencies with the medical record, unsupported. An ALJ may discredit a treating physician's opinion if it is not supported by the record as a whole or by objective medical evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, an ALJ may not cherry-pick from reports to justify giving an opinion low weight. *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). The ALJ found that the "longitudinal medical evidence" showed intact memory, insight, and judgment, citing to three treatment notes, all filled out filled out by Samantha Lowderback, ARNP at the Yakima Valley Farmworker's Clinic.

The first note indicates that on July 29, 2015, at an intake, Plaintiff had "recent & remote memory intact. Fair to good insight & judgment." AR 523. The second treatment note, based on a December 1, 2015, visit, had the same note, AR 561, as did the third, based on a February 4, 2016 visit. However, in August of 2015, Nurse Lowderback downgraded Plaintiff's insight and judgment to "fair to limited," and noted that Plaintiff "is not feigning memory loss." AR 531, 535. Nurse Lowderback did not perform objective cognitive testing, as Dr. Brown did, and these treatment records support that Plaintiff does not feign memory loss, and that her cognitive functioning waxes and wanes. They are not inconsistent with Dr. Brown's findings.

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12**

## CONCLUSION

Having reviewed the administrative record and the ALJ's findings, the Court finds the ALJ's decision erroneously rejected medical opinion evidence and Plaintiff's symptom testimony.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

3. The decision denying benefits is **reversed** and **remanded** for further administrative proceedings. On remand, Plaintiff will be allowed to present new evidence and testify at her de novo hearing. In addition, the ALJ will reconsider Plaintiff's credibility; consider, discuss, and assign the appropriate weight to the medical opinions; and continue with the remaining steps of the sequential evaluation if Plaintiff is not found disabled at step three, obtaining vocational expert testimony, as necessary.

4. This remand is made pursuant to sentence four of 42 U.S.C. § 405(g).

5. Plaintiff is permitted to request reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13**

6. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close the file**.

**DATED** this 4th day of September 2019.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14**